UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:22-CV-81078-AMC

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

PATRICK LETOURNEAU and DOUGLAS ELLIMAN FLORIDA, LLC,

    Defendants.

## DEFENDANT DOUGLAS ELLIMAN FLORIDA, LLC'S
## MOTION TO DISMISS THE COMPLAINT

Defendant Douglas Elliman Florida, LLC ("Douglas Elliman") respectfully submits this motion to dismiss the Complaint filed by plaintiff Affordable Aerial Photography, Inc. ("Plaintiff" or "AAP") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and states as follows:

### PRELIMINARY STATEMENT

Plaintiff AAP is a copyright "troll" that has filed over 130 copyright-infringement suits in this District alone in the past 8 years. Plaintiff's business model is evidently to grant single-use licenses to its copyrighted photographs to independent real estate agents, wait for potential copyright infringement actions to accrue, and then assert infringement claims not only against the agent but also against a "deep pocket" corporate broker to try to strong arm the broker into paying a large settlement to avoid protracted litigation. Plaintiff has tried this very tactic with Douglas Elliman before. Indeed, only a few weeks ago, Plaintiff sued Douglas Elliman in this Court and demanded hundreds of thousands of dollars to settle the claim despite the fact that such claim was expressly barred by a 2021 general release Plaintiff had granted Douglas Elliman as part of a settlement of yet a third suit it filed in this Court against Douglas Elliman and several of its real

estate agents.[1] When confronted with the unambiguous general release, Plaintiff voluntarily withdrew that action. *See Affordable Aerial Photography, Inc. v. Douglas Elliman Florida, LLC, d/b/a Douglas Elliman*, Case No. 1:22-CV-22395-BB (S.D. Fla.) at ECF Nos. 11-15.[2]

It is thus reprehensible that Plaintiff has filed yet another groundless claim against Douglas Elliman, putting it, and this Court, to the task of addressing a patently deficient complaint.

Here, AAP's purported copyright infringement claim can only plausibly be alleged against Letourneau, the agent, *not* Douglas Elliman, the broker. Yet, because Douglas Elliman is seen by Plaintiff as a "deep pocket," Plaintiff relies on bare legal conclusions couched as factual allegations to conclusorily assert that Douglas Elliman is liable for Letourneau's alleged infringement under a *respondeat-superior* theory of vicarious liability. Plaintiff's claim fails on the facts and the law.

As detailed below, Plaintiff has not plead any facts – as it must – to plausibly establish that Douglas Elliman had the right or ability to control Letourneau's use or publication of the copyrighted photograph allegedly included by Letourneau in the marketing of the property. Plaintiff's Complaint also fails to allege facts to establish that Douglas Elliman directly profited from the alleged infringement. Putting aside this fundamental pleading defect, Plaintiff could not validly plead that essential element of the claim because the property was not sold during the relevant time period, and it remains unsold. Absent a profit, plaintiff has no case as a matter of law.

---

[1] Plaintiff acknowledges that prior case in its complaint here. *See* Complaint ("Complaint" or "Compl."), ECF No. 1 ¶ 41.

[2] Courts may take "judicial notice of another court's order . . . for the limited purpose of recognizing the judicial act that the order represents or the subject matter of the litigation and related filings." *In re Delta Res., Inc.*, 54 F.3d 722, 725 (11th Cir. 1995) (internal marks and citation omitted) (taking judicial notice of bankruptcy court's order and its findings as a matter of law). *See also Rothenberg v. Sec. Mgmt. Co.*, 667 F.2d 958, 961 (11th Cir. 1982) (courts are "free to take judicial notice of subsequent developments in cases that are a matter of public record and are relevant.").

Accordingly, because the Complaint is comprised of threadbare recitations of legal conclusions as to the agent-broker relationship, and fails to plead the requisite damages, Douglas Elliman respectfully requests that the Court dismiss the Complaint against it with prejudice, as this Court and other courts have done when faced with nearly identical conclusory complaints blithely filed by this Plaintiff.

## BACKGROUND

AAP accuses Letourneau and Douglas Elliman of copyright infringement based on Letourneau's alleged copying and posting a single photograph taken by AAP on a real estate listing database ("Multiple Listing"), and thus across multiple real estate websites, to market and sell a condominium apartment located at 201 S. Narcissus Avenue, Unit 403, West Palm Beach., FL 33401.  Compl. ¶¶ 25-30, 35-40, & Ex. B.  The at-issue photo was just 1 of the 29 photos allegedly used to market the property.  *Id.* ¶¶ 27-28, Ex. B.

While reciting no facts whatsoever to support its claim against Douglas Elliman, in conclusory fashion, Plaintiff alleges the legal conclusion that "Douglas Elliman is liable for the infringement by Letourneau because a Florida real estate broker is liable for the torts of its agents." Compl. ¶¶ 22, 39-40.

AAP cites statutes on the relationship between real estate agents and brokers generally, but does not, as it must, plead a single specific fact about the relationship between Letourneau and Douglas Elliman or any actual right and ability by Douglas Elliman to supervise Letourneau's conduct as regards the alleged infringement.  Plaintiff's Complaint merely pleads that "Letourneau is either an employee of Douglas Elliman or serves as an independent contractor that is associated with Douglas Elliman;" Letourneau "is identified on Douglas Elliman's website as a 'Realtor Associate;'" and Douglas Elliman "appears as listing broker on the real estate listing where Letourneau committed the violations."  *Id.* ¶¶ 19-21.  Based on these allegations only, Plaintiff

3

then pleads that "Douglas Elliman has the right and ability to control the infringing acts of Letourneau." *Id.* ¶ 40.

In addition, Plaintiff alleges no facts connecting the alleged infringement to any profits earned by Douglas Elliman. Apart from this glaring pleading deficiency, public records demonstrate that the condominium property in question was not sold, and remains listed for sale today minus the allegedly infringing photograph. Thus, Douglas Elliman could not have directly profited from the alleged infringement. *See* Ex. 1 (Composite Exhibit of Realtor.com, Redfin and Zillow listings of the property, as of September 20, 2022).[3]

## ARGUMENT

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hunt v. JPMorgan Chase Bank, N.A.*, 770 Fed. Appx. 452, 456 (11th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)) (internal quotations omitted). A complaint can only survive a Rule 12(b)(6) motion if it contains factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When reviewing a 12(b)(6) motion, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S.at 555; *see also Iqbal*, 556 U.S. at 678; *Birdette v. Capital One Bank (USA), N.A.*, 2012 WL 8319317 at *1 (11th Cir. 2012) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."); *Myeress v. Heidenry*, No. 1:19-CV-21568-RAR, 2019 WL

---

[3] In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may consider records outside the four corners of the complaint if they are central to plaintiff's claims and of undisputed authenticity. *See Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). Documents need not be physically attached to a complaint to be incorporated by reference therein. *Id.*

7956172, at *3 (S.D. Fla. Nov. 25, 2019), *report and recommendation adopted*, No. 19-CIV-21568-RAR, 2019 WL 7956171 (S.D. Fla. Dec. 10, 2019) ("[A] court need not accept plaintiff's legal conclusions as true . . . to survive a motion to dismiss, a complaint must contain sufficient *factual* matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal citations omitted).

Thus, a complaint must provide the "grounds" for entitlement to relief and offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 (Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original).

## II. Plaintiff's Complaint Fails to Plead Facts Establishing a Claim that Douglas Elliman is Vicariously Liable for Letourneau's Alleged Copyright-Infringement

A defendant is vicariously liable for copyright infringement "when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *see also Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*, 707 F. Supp. 2d 1287, 1297 (M.D. Fla. 2010), *aff'd*, 425 F. App'x 833 (11th Cir. 2011) (same). Plaintiff's Complaint must be dismissed because it pleads only legal conclusions that Douglas Elliman is vicariously liable for Letourneau's alleged infringement, but fails to allege any facts that establish Douglas Elliman's right and ability to supervise Letourneau's conduct as regards the alleged infringement.

### A. Plaintiff Has Not Plead Facts to Establish Douglas Elliman's Right and Ability to Supervise Letourneau

"[A] plaintiff seeking to hold a broker responsible for the copyright infringement of their agent must show 'the right and ability to control' and not just the potential to control." *Myeress*,

2019 WL 7956172, at *6 (citing *Klein & Heuchan*, 707 F. Supp. 2d at 1298). When evaluating the "right and ability to supervise" element of vicarious copyright infringement, "it is not the label of a party's legal status that controls, but rather, after an examination of all of the facts, a determination whether one actually exercised sufficient control that it is just to hold him liable for the actions of the offending party." *Klein & Heuchan*, 707 F. Supp. 2d at 1296.

In *Myeress v. Heidenry*, this Court examined whether plaintiff adequately pled a real estate broker's vicarious liability for its real estate agent's copyright infringement. 2019 WL 7956172, at *5-8. Plaintiff's complaint there included factual allegations, which are entirely lacking here, providing: "at the time Heidenry copied and distributed [Plaintiff's] copyrighted [Photograph], he was employed as a real estate sales associate under the brokerage of MDLV," "when Heidenry copied and distributed the [Photograph] without license or permission from [Plaintiff], he did so in the course and scope of his agency and in furtherance of the business of MDLV," and that "Heidenry posted [Plaintiff's] photograph online for purposes of advertising and promoting his business, and in the course and scope of advertising and selling real estate services while he was employed as a real estate sales associate under the brokerage of MDLV in Miami, Florida." *Id.*

The Court held that those allegations were insufficient, and found that even assuming they were true and construing them in the light most favorable to plaintiff, the complaint nevertheless failed to allege specific facts regarding the broker's right and ability to control the agent: "*Plaintiff's conclusory and threadbare recitals of a real estate agent-broker relationship, without any facts, is insufficient to plausibly allege that MDLV had the right and ability to control Heidenry.*" *Id.* at *7 (emphasis added). *Cf. Klein & Heuchan*, 707 F. Supp. 2d at 1297 (finding that broker had sufficient "right and ability to control" agent, observing that the broker "provided

[the agent] office space, held weekly sales meetings, controlled his listings, and in general exercised supervisory control.").

Indeed, the Court in *Myeress* found that the plaintiff failed to allege facts about:

> the control that MDLV exercised over its agent, Heidenry. Indeed, there are no allegations that MDLV provided office space to Heidenry, that MDLV held weekly sales meetings, that MDLV controlled Heidenry's sales listings, or that MDLV exercised general supervisory control over Heidenry. All the Complaint alleges is that MDLV had the potential to control Heidenry because of their broker-agent relationship.

*Myeress*, 2019 WL 7956172, at *7.

Here too, AAP here has not pled a single fact regarding Douglas Elliman's right and ability to control Letourneau's conduct. Plaintiff relies entirely on the conclusory assertion that, because Douglas Elliman "appears as listing broker on the real estate listing" where Letourneau is alleged to have committed the copyright violation, that "Douglas Elliman is liable for the infringement by Letourneau because a Florida real estate broker is liable for the torts of its agents." Compl. ¶¶ 21-22. AAP similarly pleads in conclusory fashion that "Letourneau is an 'employee' under the Florida Real Estate Code and [thus] Douglas Elliman is vicariously liable for its agents' acts committed in connection with and in furtherance of Douglas Elliman's real estate brokerage business." *Id.* ¶ 24. Thus, without pleading any facts to establish Douglas Elliman's right and ability to control Letourneau, AAP merely relies on a legal conclusion: "[a]s Letourneau's employer and the broker responsible for the subject MLS Listing, Douglas Elliman has the right and ability to control the infringing acts of Letourneau yet declined or failed to stop Letourneau from engaging in his infringing activity." *Id.* ¶ 40.

However, as discussed above, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Birdette*, 2012 WL 8319317

at *1.  Thus, for the same reasons that conclusory allegations of control were rejected by the Court in *Myeress*, they are insufficient to state a claim here against Douglas Elliman.

In *Affordable Aerial Photography, Inc. v. Mod. Living Real Est., LLC*, No. 19-CV-80488, 2019 WL 3716775, at *4 (S.D. Fla. Aug. 7, 2019), this Court likewise held deficient AAP's conclusory pleading of a claim against a broker for alleged vicarious copyright infringement by a real estate agent.  There, the court found AAP's similarly bare allegations insufficient to state a claim for vicarious copyright infringement.  Specifically, AAP alleged there, "in conclusory fashion," that defendant was vicariously liable for the infringements of its co-defendant because "as a parent, successor, alter ego, continuation, or reincarnation of [co-defendant], [it] has the right and ability to control the actions of [co-defendant]."  *Id.*  But, the Court flatly rejected that conclusory pleading:  "Plaintiff has not alleged any underlying facts that would lead to the inference that such a conclusion is plausible." *Id.*

Plaintiff has ignored the foregoing authorities, and continues to plead claims of vicarious liability based on conclusory pleading and legal conclusions devoid of facts.  The Complaint should be dismissed here because Plaintiff's Complaint pleads no facts establishing that Douglas Elliman "has the right and ability to control" Letourneau.

### B.     The Complaint Fails to Plead that Douglas Elliman Directly Profited from the Alleged Infringement

The Complaint also should be dismissed because it fails to allege, as it must, facts to establish that Douglas Elliman directly profited from Letourneau's alleged infringement.  *See Metro-Goldwyn-Mayer*, 545 U.S. at 930; *Myeress*, 2019 WL 7956172, at *7 (plaintiff's "barebone and conclusory allegation is insufficient to allege that [defendant] directly profited"); *Klein & Heuchan*, 707 F. Supp. 2d at 1299 (real estate broker not liable for vicarious infringement because

8

it did not directly profit from agent's infringing activity – broker did not attract any customers or make any sales as a result of the infringing activity).

Here, AAP has not alleged, even in a barebones conclusory fashion, facts to demonstrate that Douglas Elliman profited in any way from the alleged infringement. Even if it did, this Court has already concluded that conclusory allegations of profit are insufficient to state a claim. The plaintiff in *Myeress* alleged "Defendant MDLV profited from the direct infringement of the exclusive rights of [Plaintiff] in the [Photograph] at issue in this case under the Copyright Act while declining to exercise a right to stop it." *Myeress*, 2019 WL 7956172, at *7. The Court, noting that plaintiff did not "plead a single fact showing how [defendant] profited from the direct infringement," held that:

> [s]uch conclusory allegation, without more, even if assumed to be true and seen in the light most favorable to Plaintiff, is insufficient to plausibly state a claim for vicarious copyright infringement against MDLV. Notably, the Complaint is devoid of any allegations that MDLV closed real estate transactions as a result of the alleged copyright infringement.

*Id.*

Here, AAP has not – because it cannot – allege that Douglas Elliman profited in any way from the alleged infringement. Instead, AAP has merely plead, yet again in conclusory fashion, that AAP "is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial." Compl. ¶ 43. This recitation of the legal remedy AAP seeks, alone, is not sufficient to allege, as one must in order to launch a viable vicarious infringement claim, that Douglas Elliman has "profit[ed] directly from the infringement." *Metro-Goldwyn-Mayer*, 545 U.S. at 930.

Finally, as established in public records, the condominium property that is allegedly the subject of the alleged infringement has not been sold, and the marketing materials currently being used to market it do not include the allegedly infringing photograph. *See* Ex. 1 (Composite Exhibit

9

of Realtor.com, Redfin and Zillow listings of the property, as of September 20, 2022). Thus, AAP could not validly plead that Douglas Elliman directly profited in any way from Mr. Letourneau's use of the allegedly infringing photograph.

Accordingly, the Court should dismiss the Complaint against Douglas Elliman on this independent basis as well.

## **CONCLUSION**

For all of the foregoing reasons, Defendant Douglas Elliman respectfully requests that this Court issue an order dismissing Plaintiff's Complaint with prejudice as to Douglas Elliman and granting such other and further relief as this Court deems just and proper.

Dated: September 20, 2022

/s/ *Maria H. Ruiz*
Maria H. Ruiz
Florida Bar No. 182923
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, FL  33131
Telephone:  (786) 587-1044
Facsimile:  (305) 675-2601
MRuiz@Kasowitz.com

***Attorney for Defendant***
***Douglas Elliman Florida, LLC***

***Of Counsel (Pro Hac to be Obtained):***

David E. Ross, Esq.
Michael S. Beck, Esq.